UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et. al, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:13CV01549 AGF |
| HARD ROCK FOUNDATIONS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment (Doc. No. 6) against Defendant Hard Rock Foundations, LLC. Plaintiffs filed this action on August 9, 2013, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 to recover delinquent fringe benefit contributions allegedly owed to the plaintiff employee benefit funds ("Plaintiff Funds").

Plaintiffs, three employee benefit plans, the Carpenters' Pension Trust Fund of St. Louis, the Carpenters' Health and Welfare Trust Fund of St. Louis, and the Carpenters' Vacation Trust of St. Louis, their boards of trustees, and the Carpenters' District Council of St. Louis, allege that Defendant has been bound by collective bargaining agreements ("CBAs") with the Carpenters' District Council since 1999, and is a signatory to a participation agreement with the Plaintiff Funds. They assert that as a result, Defendant is required to submit monthly reports and remit contributions to the Plaintiff Funds.

1

The CBAs and trust documents establish liability for damages in the event a signatory contractor, such as Defendant, becomes delinquent in making contributions. Plaintiffs further allege that the CBAs and trust documents also authorize audits of a signatory contractor's records for purposes of determining damages under these agreements. Finally, Plaintiffs assert that Defendant failed to submit the monthly reports and to make the contributions to the Plaintiff Funds required of it under the CBAs and has not remitted its reports for the period August 2013 to date.

Plaintiffs filed their complaint on August 9, 2013, and served the complaint and summons on Defendant by special process server on August 13, 2013. (Doc. Nos. 1 and 3.) Defendant failed to file an answer or otherwise respond to the complaint. On October 30, 2013, Plaintiffs filed two motions, one for entry of Clerk's default against Defendant and another, accompanied by affidavits and exhibits, for default judgment as to liability and for an order requiring Defendant to submit to an audit. (Doc. Nos. 5 and 6.) Pursuant to Plaintiffs' request, the Clerk of the Court entered the default of Defendant by Order dated November 1, 2013 (Doc. No. 8.) Defendant has not filed a response to Plaintiffs= motion for default judgment, and the time to do so has expired. Nor has Defendant moved to vacate the entry of default.

## DISCUSSION

Default judgments are not favored in the law, *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011), and their entry

is discretionary.  *See Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. *Taylor*, 859 F.2d at 1332; 10 James Wm. Moore, et al., Moore's Federal Practice ' 55.31[1] (3d ed. 2008).  Prior to the entry of a discretionary default judgment, a court should satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim.  10 Moore's Federal Practice ' 55.31[2].

Entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("[A] defendant [on default] has no further standing to contest the merits of plaintiff=s right to recover."); *Trs. of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07 CV-39-LRR, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA). "A default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Taylor*, 859 F.2d at 1333 n. 7).  Thus, the only issue before the Court is the amount of damages owed by Defendant to Plaintiffs.  *See Taylor*, 859 F.2d at 1332.  Where a

3

damages claim is indefinite or uncertain, the amount of damages must be proved to a reasonable degree of certainty by affidavit and other supporting documentation or in a supplemental hearing or proceeding. *United Artist Corp. v. Freemen,* 605 F.2d 854, 857 (5th Cir.1979) (recognizing affidavits and supporting documents as appropriate mechanisms by which to prove damages). The need, if any, for a hearing is within the sound discretion of the district court. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Pursuant to 29 U.S.C. ' 1132(g)(2), Plaintiffs are entitled to recover all delinquent contributions determined by the submission of weekly fringe benefit reports, audit or payroll examination, plus liquidated damages, interest, attorney=s fees and costs. *Tichy Elec. Co.*, 2008 WL 154641, at *5. In an ERISA case, the court has the discretion to determine damages based on "detailed affidavits or documentary evidence." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted). Here, in addition to its failure to answer, Defendant has failed to submit monthly fringe benefit reports. (Doc. Nos. 1 & 7.) Therefore, the Court finds that Defendant is delinquent and that Plaintiffs are entitled to an award of all delinquent contributions as determined by audit or other payroll examination. *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 478 (8th Cir. 1988); *Trustees of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble*, No. Civ. 06-2965 (JNE/SRN), 2008 WL 624120, at *4 (D. Minn. Mar. 4, 2008).

ERISA provides that, in addition to delinquent contributions, a court shall

4

award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. ' 1132(g)(2)(E). Defendant has failed to submit its records to an audit. (Doc. No. 6-1.) An audit constitutes an appropriate form of relief in an ERISA case where the amount of the delinquency is not known. *See, e.g.*, *Carpenters' Distr. Council of Greater St. Louis & Vicinity v. Vehlewald Constr. Co.*, No. 4:06-CV-1214 CAS, 2008 WL 544977, at * 1-2 (E.D. Mo. Feb. 25, 2008); *see also Int=l Painters & Allied Trades Indus. Pension Fund* , 239 F. Supp. 2d at 31. Therefore, the Court determines that an audit is appropriate in this case.

The remaining components of the relief available to Plaintiffs, liquidated damages and interest, are dependent upon the amount of contributions due. 29 U.S.C. ' 1132(g)(2). ERISA provides for an award of "interest on the unpaid contributions," and for an award of additional interest, or liquidated damages of not more than twenty percent (20%) of the delinquency. 29 U.S.C. ' 1132(g)(2)(B) & (C)(ii). In addition, the CBAs at issue in this case provide that Plaintiffs are entitled to an award of liquidated damages (Doc. 1), and the amount of the delinquency must be known before such damages can be awarded. Inasmuch as Defendant has failed to submit monthly fringe benefit reports or to permit an audit, the Court will defer entry of final judgment until an audit is performed and the amount of the underlying delinquency can be determined.

On the basis of the foregoing, the Court concludes that Plaintiffs= motion for default judgment should be granted with respect to the Defendant=s liability.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment as to liability (Doc. No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the of entry of this order, Defendant Hard Rock Foundations, LLC, shall submit its books to an audit by an auditor of Plaintiffs' choice, at Defendant's cost.

**IT IS FURTHER ORDERED** that Plaintiffs shall have thirty (30) days after completion of the audit to file their motion for default judgment as to damages and to submit evidence of the delinquency, interest, liquidated damages, costs and attorney's fees.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2013.